UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
Moshe Berland
        Petitioner,
   -v-
Josef Binyamin (Yossi or Joseph) Frankel,
        Respondent.
-------------------------------------------------------X

14cv6070

PETITION IN SUPPORT OF
APPLICATION TO CONFIRM
AN ARBITRATION AWARD

Petitioner, by his attorneys, Law Office of Martin Mushkin LLC, alleges:

Petitioner Moshe Berland ("Berland" or "Petitioner") moves for confirmation of an arbitration award against Respondent Josef Binyamin (Yossi or Joseph) Frankel ("Frankel" or "Respondent"), entry of judgment against Frankel in conformity with that award, and enforcement of the award...

## PARTIES AND JURISDICTION

1. Berland is a citizen, domiciliary and resident of Israel. 2

2. Upon information and belief, Frankel is a citizen, domiciliary, and resident of Brooklyn, N.Y.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the subject matter of this dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 9 in that the parties designated a location within the Eastern District of New York as the site for arbitration hearings conducted in 2013 and Frankel is a resident of this district.

## SUMMARY OF PETITION

**5.** This is a petition filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), and pursuant to CPLR Art 75, Arbitration, to confirm an award issued by an arbitration panel sitting in Brooklyn, NY.

## BACKGROUND and FACTS

**6.** The Contracts    Jacov Berland ("Jacov") owned and operated a newspaper distribution company which distributed periodicals in the United States, Canada and England. Frankel worked for Jacov as the manager of the company.

7. On or around November 11, 2011, Jacov and Frankel entered into an agreement of obligation (the "Agreement") whereby Jacov took the business away Frankel in consideration, among other things, of Frankel making the following payments to Jacov: a) $15,000 upfront  b) 50% of all future net profits from all business outside of New York, c) weekly payments of $500 from the distribution of Hebrew language material. Exh. 1.

8. The Agreement also provided a general obligation based on the above whereby Frankel must give Jacov a minimum of $2,000 per week even in the event the above amounts are less. Exh. 1.

9. Frankel also agreed to pay Jacov a minimum of not less than $500,000 within five years from the date of signing of the Agreement.   Exh. 1

10. On or around January 8, 2012 Jacov assigned his interests in the November 11, 2011 Agreement to Moshe Berland ("Moshe"). (The "Assignment").  Exh. 2.

11. The First Bet Din, *Rivka v. Frankel*    Early in 2013, Jacov's wife, Rivka Berland ("Rivka"), brought an action before a Rabbinical Court ("Bet Din") convened by the Rabbinical Court of The Rabbinical Alliance of America (the "Alliance"). The action was against Frankel to require Frankel to pay Rivka money owed on the assigned November 11th agreement because

2

Jacov refused to give her a divorce (or "Get"). By award rendered on August 13, 2013, the Bet Din, among other things, required Frankel to escrow money until Jacov gave her a Get. Exh. 3.

12.     <u>The Second Bet Din,</u> *Rivka v. Frankel*     A second Bet Din was empanelled by the Alliance. This was an action by Rivka to require Frankel, to pay Rivka instead of Moshe. On October 17, 2013, the panel in this second Bet Din issued an award ("the Award"), Exh. 4, stating:

> Having been apprised of information unknown to us at the time of the Din Torah [award] which information could be favorable to Jacov Berland and Moshe Berland, we hereby withdraw our judgment in the case.
> New facts and claims have come to light which, should they be confirmed, could potentially invalidate the earlier August decision. <u>We therefore withdraw our Order of 12 Ellul 5773 [08-18-213].</u>   (Emphasis added.)
> There should be a new Din Torah before a proper Beth Din, with all parties present and presenting their claims, in order to issue fair and proper decision according to Jewish Law. Since Joseph Frankel has not only admitted the debt, and also has been paying towards it every month, we proclaim the debt valid. … .
> <u>ORDERED Joseph Frankel must pay all monies DIRECTLY to Moshe Berland</u>, until there is an order by a newly convened Beth Din with all parties present. (Emphasis added.)

13.     The Panel thus issued an award in favor of your Petitioner.

14.     Although a third Bet Din has been convened it has not issued an Order regarding payment.

15.     The Award of the second Bet Din, dated October 17, 2013, is a complete and final determination of all claims properly submitted by the parties to the Panel. The Award has not been vacated or modified since it was issued.

## COUNT 1

16.  As of the date of the filing of this Petition, Respondent has not paid or satisfied the Award.

3

17. The Court should confirm the Award pursuant to 9 U.S.C. §§ 1-16 and CPLR Art. 75 and enter judgment accordingly.

## COUNT 2

18. The Respondent has failed to pay all monies DIRECLYT TO Moshe Berland as ordered.

19. The Court should award damages as Ordered in the Award.

**WHEREFORE** Petitioner moves this court enter judgment: (1) confirming the Arbitration Award of the second Bet Din against Respondent, (2) enter judgment in favor of Petitioner in keeping with the Arbitration Award, plus statutory interest, (3) award the costs and attorneys' fees associated with this Petition, and (4) award any such further relief as the Court deems just and proper.

Dated: Stamford, CT
October 15, 2013

_____
Martin Mushkin (#7921)
Law Office of Martin Mushkin, LLC
1100 Summer St.
Stamford, CT 06905
Tel: 203-252-2357
Fax: 203-547-7540
Email: mmushkin@mushkinlaw.com


_____/s/_____
Joseph Taub (#1769)
Law Office of Martin Mushkin, LLC
39 Broadway
New York, NY 10007
Tel: 212-779-4233
Fax: 203-547-7540